

**IT IS ORDERED as set forth below:**

**Date: April 21, 2015**

_____

**C. Ray Mullins**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-80136-CRM |
| JON E. LUNSFORD SR., | CHAPTER 7 |
| Debtor. | |
| PROCESS TECHNOLOGIES SERVICES, LLC, | ADVERSARY PROCEEDING NO. 14-5128-CRM |
| Plaintiff, | |
| v. | |
| JON E. LUNSFORD SR., | |
| Defendant. | |

## <u>ORDER</u>

**THIS MATTER** is before the Court on Plaintiff's Motion for Judgment on the Pleadings (the "Motion").

### I. FACTS

In 2009, Plaintiff, Process Technologies Services ("PTS"), met with MIPCO, LLC, aka Mississippi Investment Petroleum Company ("MIPCO"), and its principals, including Defendant, to discuss the biofuel business and investing in MIPCO, which then planned to construct a bio-diesel plant.  MIPCO sent offer documents to PTS that showed that MIPCO owned $1,200,000 worth of equipment and $500,000 in intangible assets, including a secret biofuel formula. Unknown to PTS, there were title issues pertaining to the equipment, and MIPCO did not have the formula it valued at $500,000.  Based on the offer documents, PTS invested in MIPCO.  On April 12, 2009, PTS invested $200,000 in MIPCO.  PTS invested an additional $100,000 in MIPCO on July 1, 2009.

On December 23, 2009, PTS filed a complaint for rescission in the Chancery Court of Monroe County, Mississippi (the "State Court") against MIPCO, MIPCO's chief financial officer Mike Cook, and Defendant, both individually and as president of the company.  PTS sought to recover the purchase price of the securities, attorney's fees, and interest.   The state court defendants answered the complaint and counterclaimed against PTS.  MIPCO filed a motion to compel arbitration, and the State Court entered an order directing arbitration; the parties then selected an arbitrator and executed a binding arbitration agreement.

Before an arbitration hearing was held, Debtor filed bankruptcy on December 4, 2012. PTS filed a motion for relief from the automatic stay to proceed with the arbitration.   After

holding a hearing on the motion, the Court granted relief from the automatic stay to permit the arbitration to proceed and ordered the Defendant to participate in the arbitration.

An arbitration hearing was conducted on June 17-19, 2013, and September 9-13, 2013. Sworn testimony was taken, and numerous exhibits were offered and admitted into evidence. On October 24, 2013, the Arbitrator made findings of facts and award (the "Arbitration Award"). The Arbitrator made detailed conclusions about the Mississippi Securities Act (the "Act") and found that Defendant violated the Act.

The Arbitrator found that Defendant violated the Act by offering and selling an unregistered security. The Arbitrator also found that Defendant violated the Act by making an offer that contained untrue statements of material facts or omitted material facts related to the MIPCO's assets. The Arbitrator concluded that PTS did not commit a breach of fiduciary duty or tortious interference. The Arbitrator awarded PTS judgment in the amount of $406,892 jointly and severally against MIPCO, Mr. Cook, and Defendant. On February 5, 2014, the Arbitrator entered a post-judgment award and awarded PTS an additional $200,000 in attorney's fees (the "Post-Judgment Award").

On March 28, 2014, the State Court confirmed the Arbitration Award and Post-Judgment Award. The State Court entered a final judgment (the "Final Judgment") in favor of PTS against MIPCO, Mr. Cook, and Defendant, both individually and jointly and severally, requiring them to pay PTS $606,892, plus 8% interest from the date of the Arbitration Award.

PTS filed a complaint objecting to the dischargeability of the debt pursuant to section 523(a)(19) of the Bankruptcy Code on April 24, 2014. Defendant answered the complaint, and Plaintiff filed the Motion. Pursuant to Federal Rule of Civil Procedure 12(c), incorporated by Federal Rule of Bankruptcy Procedure 7012(c), Plaintiff seeks judgment on the pleadings.

The Court held a hearing on the Motion on October 29, 2014.  At the hearing, Plaintiff's counsel stated that the Arbitrator's Award, Post-Judgment Award, and the Final Judgment finding Defendant liable for violations of the Act should be entitled to preclusive effect under section 523(a)(19).  Defendant's counsel argued that PTS obtained the Arbitration Award through fraud and that Defendant was deprived of a full and fair opportunity to litigate issues that resulted in the arbitration award.  After hearing argument from counsel, the Court directed Defendant to file a motion seeking relief from the Final Judgment in the State Court.

Defendant, together with MIPCO and Mr. Cook, filed a motion to set aside in the State Court on December 23, 2014.  Defendant sought relief from the Final Judgment on the basis that fraud was committed by PTS in the prior proceedings before the State Court and during the arbitration proceedings.  The State Court heard oral argument on the motion.  On March 23, 2015, the State Court denied the motion to set aside.

The State Court found that Defendant, MIPCO, and Mr. Cook previously raised, and the State Court already rejected, the fraud issue.  The State Court summarized its findings: "Taking into account that M1PCO did not object to the confirmation of the award in this court; it did not appeal the adverse ruling in the Final Judgment to the Supreme Court; its motion has been brought more than eight months after the entry of the Final Judgment; the information which serves as the basis for the present motion was available during the arbitration proceedings, and prior to the entry of the order reopening this [case] and entry of the Final Judgment; and MIPCO had a fair opportunity to present its claim to the arbitrator, the court finds in this instance it should not revisit those issues . . . ."  The State Court denied Defendant's motion.

4

On March 24, 2015, Plaintiff filed a Renewed Motion for Judgment on the Pleadings. Defendant had until April 7, 2015 to respond.  Defendant failed to file a response; consequently the Renewed Motion is deemed unopposed pursuant to BLR 7007-1(c).

## II. APPLICABLE LAW

### a. *Judgment on the pleadings*

Bankruptcy Rule 7012(b) makes Federal Rule 12(c) applicable in adversary proceedings. Civil Rule 12(c) provides: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  If no counterclaim or crossclaim is included in the answer, the pleadings will consist of the complaint and the answer. After closing of the pleadings, any party may make a motion for judgment on the pleadings.

A court should grant a motion for judgment on the pleadings when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 12(c); Fed. R. Bankr. P. 7012(b); *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  For the purpose of a motion on the pleadings, well pleaded material allegations of the opposing party's pleading are to be taken as true and all inferences are to be taken in favor of the nonmoving party.

Under the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes."  Fed. R. Civ. P. 10(c); *see Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam). In considering a motion for judgment on the pleadings, the court generally cannot consider matters outside the pleadings.  *See* Fed. R. Civ. P. 12(d). However, "[b]ecause Rule 10(c) incorporates into the pleadings all exhibits attached thereto and materials referred to, the district court can consider those documents in deciding a Rule 12(c) motion without converting it into

5

a Rule 56 summary judgment motion." 5C *Federal Practice and Procedure Civ.* § 1371 (3rd ed.);

*see e.g., Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (applying the "incorporation by

reference" doctrine and finding that an article attached to the answer should be considered part of

the pleadings for Rule 12(c) purposes). If the court considers matters outside of the pleadings,

the motion is to be treated as one for summary judgment under Fed. R. Civ. P. 56.

### b.  Section 523(a)(19)

In the instant adversary proceeding, Plaintiff seeks a determination that the debt owed to

it by Defendant is nondischargeable under section 523(a)(19). A presumption exists that all

debts owed by the debtor are dischargeable unless the party contending otherwise proves

nondischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect the

"honest but unfortunate" debtors. *United States v. Fretz (In re Fretz)*, 244 F.3d 1323, 1326 (11th

Cir. 2001). The burden is on the creditor to prove the exception to discharge  by a

preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991); *St. Laurent v.

Ambrose (In re St. Laurent)*, 991 F.2d 672, 680 (11th Cir. 1993). Courts should narrowly

construe exceptions to discharge against the creditor and in favor of the debtor. *Equitable Bank

v. Miller (In re Miller)*, 39 F.3d 301 (11th Cir. 1994); *St. Laurent*, 991 F.2d at 680.

Plaintiff contends that Defendant's debt is nondischargeable pursuant to section

523(a)(19) of the Bankruptcy Code. Section 523(a)(19) renders nondischargeable debts arising

from securities law violations and fraud in connection with a purchase or sale of securities. The

section provides that a discharge under 727 does not discharge a debt that:

> (A) is for-
>> (i) the violation of any of the Federal securities laws, . . . any of the
>> State securities laws, or any regulation or order issued under such
>> Federal or State securities laws; or

6

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19).

This section precludes dischargeability if two conditions are met. The plaintiff must establish that: 1) the debt is for the violation of securities laws; and 2) the debt is memorialized in a judicial or administrative order or settlement agreement. *Id.; see also Faris v. Bahram Amir Jafari (In re Bahram Amir Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009) (discussing the two requirements).

Under section 523(a)(19), the court does not examine the culpability of the debtors; the section only requires the court to determine if the judgment at issue is for a violation of securities laws. The task is "not to determine whether [the defendants] committed such violations but whether the judgment against them is 'for' securities violations." *Oklahoma Dept. of Securities, ex. rel. Faught* v. *Wilcox,* 691 F.3d 1171, 1184 n.5 (10th Cir. 2012). Thus, the court should focus not on the underlying facts but on the nature of the judgment at issue. *See id.* The legislative history emphasizes that a primary purpose of this statute is to ensure that judgments and settlements from state securities fraud cases are nondischargeable without the need to re-litigate the matter in bankruptcy court. *Faris*, 401 B.R. at 498.

### i.  The Debt is for the violation of securities laws

Plaintiff has established that Defendant owes a debt for a violation of a state securities law. The Arbitrator made his findings and award on October 24, 2013. The Arbitrator made

detailed conclusions about the Mississippi Securities Act and found that Defendant violated the Act. More specifically, the Arbitrator found that the Defendant violated the Act by offering and selling an unregistered security. The Arbitrator also found that the Defendant violated the Act by making an offer that contained untrue statements. The Arbitrator concluded that the Defendant, both individually and as an officer of MIPCO, was jointly and severally liable for violating the Act. The State Court confirmed the Arbitration Award and entered a Final Judgment. The Defendant did not challenge the Arbitrator's awards and findings or the Final Judgment incorporating those findings.

Nevertheless, Defendant contends that the Arbitration Award was obtained through fraud. On this basis, Defendant filed a motion to set aside the Final Judgment on December 23, 2014. Defendant sought relief from the Final Judgment on the basis that fraud was committed by PTS in the prior proceedings before the State Court and during the arbitration proceedings. The State Court denied the motion. The State Court made detailed findings and noted that Defendant knew about and raised these same issues during the state court proceeding, and they were considered and rejected by the Arbitrator. The State Court declined to revisit the issue.

It is evident that the state court not only decided that Defendant violated the Act, but also that Defendant's arguments regarding fraud were unfounded.

### ii. The debt is memorialized in a judicial or administrative order or settlement agreement

Plaintiff has also established that the debt is memorialized in a judicial or administrative order. When an action is based on a violation of a state's securities laws, a state court's judgment can serve as the basis for a bankruptcy court's finding of nondischargeability. Section 523(a)(19) is quite broad, though, and does not require a judgment at all; consent orders,

8

settlement orders, and "any court or administrative order or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor" will suffice. 11 U.S.C. § 523(a)(19)(B).

Under this section, arbitration awards are generally treated as conclusive, just as other state court orders would be. *See Commonwealth Ins. Co. v. Thomas A. Greene & Company, Inc.*, 709 F. Supp. 86, 88 (S.D.N.Y. 1989) ("Collateral estoppel applies as well to arbitration awards as to judicial adjudications, and thus may bar the relitigation of an issue decided at an arbitration."); Restatement (Second) Judgments § 84(1) ("a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court."). As Judge Learned Hand noted, parties who choose to arbitrate their disputes must remain content with the award issued by the arbitrators. *See American Almond Products Co. v. Consolidated Pecan Sales Co.*, 144 F.2d 448, 451 (2d Cir. 1944).

Bankruptcy courts have accordingly given preclusive effect to arbitration awards under 523(a)(19). For example, in *Holland v. Zimmerman (In re Zimmerman)*, Adv. No. 06-06047, ECF No. 26 (Bankr. N.D. Ga. Mar. 13, 2006), after the parties completed arbitration and the arbitration panel issued an arbitration award against the debtor, the Bankruptcy Court entered and order excepting the arbitration award debt from discharge pursuant to section 523(a)(19).

Here, as in *Zimmerman*, there is a determination outside the Bankruptcy Court that Defendant violated securities laws. Both parties were represented by counsel in the State Court, and both were permitted an opportunity to examine and cross-examine witnesses and present relevant evidence. Indeed, numerous exhibits were offered and admitted into evidence. A

complete record of the proceedings was preserved. In light of these circumstances, it is appropriate to give the Arbitration Award and Final Judgment preclusive effect.

### iii.   The two conditions of section 523(a)(19) are satisfied

The pleadings, and the exhibits attached to them, demonstrate that Defendant owes a debt for a violation of a securities law that results from a judgment based on that violation. The Defendant's conduct was the basis for the Arbitration Award, Post-Judgment Award, and the Final Judgment adopting those awards; allowing Defendant to re-litigate the issue here would simply be giving him another bite at the apple. This is particularly true because Defendant had a full and fair opportunity to contest the issues in the State Court. Defendant filed numerous documents in the State Court, participated in the arbitration proceeding, and filed a motion to set aside the Final Judgment. There is thus an existing determination of securities fraud that should be given preclusive effect without the need for re-litigation in the Bankruptcy Court. Section 523(a)(19) only requires the court to determine if the judgment at issue was for a violation of securities laws; having found that Plaintiff has a judgment against Defendant for a securities violation, the Bankruptcy Court will not re-examine the culpability of the Defendant or the merits of the Arbitration Award, Post-Judgment Award, and Final Judgment.

## III. CONCLUSION

Having proved by a preponderance of the evidence that there are no material facts in dispute, Plaintiff is entitled to judgment as a matter of law on its 523(a)(19) claim. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's debt is **EXCEPTED FROM DISCHARGE** pursuant to section 523(a)(19) of the Bankruptcy Code.

The Clerk's Office shall serve a copy of this Order to Plaintiff, Plaintiff's counsel,

Defendant, Defendant's counsel, and the United States Trustee.

### **END OF DOCUMENT**